# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-08-CR-039(16) LY |
| | § | |
| JOEL YBARRA, JR. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on August 20, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On November 26, 2008, the Defendant was sentenced to 57 months in prison, and three years of supervised release, for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The Defendant was released from the Bureau of Prisons and began supervision on July 20, 2012.

The Defendant's adjustment to supervision has been largely positive. The Defendant had a stable residence and stable employment. He has reported as directed, followed all of the instructions of the Probation Office, and has never tested positive for the use of drugs. He completed outpatient

drug abuse treatment on April 3, 2013. However, on July, 14, 2013, the Defendant was arrested by Austin Police officers and charged with driving with an invalid license. He reported that arrest promptly to his Probation Officer. Four days later, the Defendant was again arrested by APD, and charged this time with DWI. He bonded out of jail on July 19, 2013, and those charges remain pending in state court. Subsequent to the arrest, and the Defendant's release from custody, the Defendant did not promptly report the arrest to his Probation Officer. Based on the above, on July 26, 2013, the Probation Office submitted its petition and the undersigned authorized the issuance of a warrant. The Defendant was arrested on the warrant on August 5, 2013. On August 20, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) committing a new offense under state law.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation would be is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment.

While the Court is troubled by the DWI charge, that case remains pending and will be dealt with primarily by the state courts. Having said this, the evidence presented at the revocation proceeding indicates that the Defendant is making progress toward rehabilitating himself, and his employer would like him back at work. Based on this, both the Probation Office and the Government recommend that the Defendant be permitted a chance to continue his forward progression. Neither recommends modifications to the supervision conditions, as those conditions already call for alcohol abstinence, and the Defendant has participated in substance abuse treatment. The Court did request that the Probation Office ensure that the state court conditions of release adequately address the public safety risk of the Defendant driving, and make a request for modifications to the federal conditions if that is warranted.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release.

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. As mentioned at the hearing, if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court

4

to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE